SUMMERS, Justice
(dissenting).
It is incorrect for the majority to say on rehearing that “The United States does not, however, rely upon this statute (The Removal Statute, 28 U.S.C. 1441 et seq.) as authority for its removing the case to federal court” (Parenthesis added.) when the prayer of the “Petition for Removal and Consolidation” implores the Federal District Court for an order “Removing to this Court the case of John L. Swope, et al. v. St. Mary Parish School Board, as provided by Title 28 U.S.C. §§ 1441, 1443 and 1651.”
The United States, finding its position untenable under Section 1441 et seq. of Title 28 of the United States Code has, contrary to the opinion on rehearing, de-emphasized that approach and now relies principally upon the All Writs Act, 28 U.S. C. § 1651(a).
Finding reliance upon the All Writs Act to be equally without merit, the majority in an effort to sustain the position of the United States has erroneously resorted to res judicata in a case where the judgment in question is rendered by a court before whom the case was never properly lodged. Thus the Court sanctions and upholds this, invidious bussing plan disrupting the settled program of school attendance of the children of St. Mary Parish and compelling-an unnecessary and inordinate expenditure by the taxpayer to meet its requirements.
I cannot understand this reaching out beyond the law by the Federal Judge or this Court. As a result of this and like edicts a generation of young people of the South become the victims of an egalitarian, social experiment, denying them a fundamental freedom of choice. The whole concept is based upon an abuse of power by willful men in the judiciary to which I cannot subscribe.